Marcell T. Hendrix, CDC#AC0021
California Health Care Facility
P.O. B OX 213040
B1B #222
Stockton, CA
95213

In Pro Se



FILED

OCT 2 8 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ AMC _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| MARCELL T. HENDRIX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPT. OF CORR. AND<br>REHAB. et al.,<br><br>　　　　Defendants, | No. 2:22-cv-1319 TLN CKD P<br><br>FIRST AMENDED COMPLAINT<br>FOR DAMAGES<br>CIVIL RIGHTS<br>DEMAND FOR JURY TRIAL |

## I. JURISDICTION

1.    This is a civil action authorized by 42 U.S.C. Sec. 1983, to rederess the deprivation, under color of law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Sec.(s) 1331 and 1343(a)(3). The court has jurisdiction over plaintiff's state law claims under 28 U.S.C. Sec. 1367. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Sec.(s) 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Sec.(s) 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. Plaintiff's American with Disabilities Act (ADA) and the Rehabilitation Act of 1973, Section 504 claims have jurisdiction under 42 U.S.C. Sec.12131 et seq. (ADA); and 29 U.S.C. Sec. 794 (Rehabilitation Act). The matter in controversy exceeds, exclusive of interests and costs, the sum of $10,000.00 dollars.

## II. VENUE

2.    This is a complaint for damages and for declaratory and injunctive Relief.

1

3.    Plaintiff is an inmate/patient assigned to the California Depart-ment of Corrections & Rehabilitation's, (CDCR's), California Health Care Facility,(CHCF), located in Stockton, California, in its Enhanced Out-patient Program, (EOP), level of psychiatric care, under the mental health diagnosis of 'bipolar'.

4.    Plaintiff was moved to housing unit E1E, cell #114, on or about February 23, 2021. He is placed in an ADA Section 504 cell with cellmate Mr. B rockenberry, who occupied the lower bunk, while plaintiff is required to utilize an upper bunk in the Section 504 ADA cell, (see ex-hibit A).

5.    Plaintiff alleges that prison officials at CHCF are/were aware of Section 504 ADA cell requirements, as demonstrated in exhibit A, because the entire E1A housing unit is constructed in accordance with Section 504 ADA requirements, most notably with only a lower bunk allowing for single occupancy of such quarters in the EOP E1-Facility corridor, comprising of housing units A through E.

6.    Plaintiff further alleges that the conscious departure from the Section 504 ADA cell requirements observed by prison officials in construct-the E1A housing unit, in comparison to the Section 504 ADA cell he was moved into on 2-23-21, which is constructed with an 'upper bunk' in that Section 504 ADA design cell, demonstrates a knowing and willing depriva-tion of a basic human need, to wit, the possible negative effect such de-parture would have on an inmate/patients health and safety, climbing up and down to and from the upper bunk, when the additional bunk/bed space does not belong inside the Section 504 ADA design cell.

7.    The risk of danger which plaintiff is exposed to  occurs on or about August 2, 2021, when inmate/patient is attmpting to ascend to the ill-placed upper bunk in the Section 504 ADA design cell, when he loses

2

his balance and tumbles backwards and downwards to the ground, crashing
into a table, injuring varying parts of his body in the fall.(see exhibit
B).

8.    Plaintiff allegesethat prison officials had prior knowledge of the
dangerous conditions that prevail with such an arrangement, (the placing
of an upper bunk insidea Section 504 ADA design cell), exposing an inmate/
patient to possible injury from a fall due to such upper bunk placement in
the Section 504 ADA design cell (see exhibit A), moreover there have been
prior incidents of inmate/patients falling down from climbing up to these
upper bunks via grievances and appeals or through reports to staff about
such incidents.

9.    Inmate/patients continue to be placed into these upper bunks that
have been added to the Section 504 ADA design cells where the EOP inmate/
patients are housed in the E1-Facility, EOP housing units.

10.    On or about August 2, 2021, Plaintiff is moved from sell # 114
to cell #222 , after falling and injuring himself due to placement in the
upper bunk inside the Section 504 ADA design cell, he is placed in a cell
by himself whereby he is provided with a lower bunk in accordance with
Section 504 ADA design cell provisions (see exhibit A).

11.    On or about August 15, 2021, inmate/patient injures his finger
while attmpting to close the door to cell #222. (see exhibit C).

12.    The doors throughout the E1-Facility EOP housing units B through
E, do not have a door knob or indentation on the inside of the door to
shut the door. The inmate/patient mustplace his hand at the edge of the
door, thenswing the door shut, hoping that he can remove his hand from
between the closing door and the door jamb without injuring himself if
he does not move his hand quick enough.

3

13.    This is what occurs with plaintiff on 8-15-21 when he attempts the athletic dexterity dorr closing manoever, when he proved to be not quick enough, injuring himself by breaking his finger between the closing door and the door jamb of cell #222.

14.    Plaintiff has apprised prison officials of this problem via the grievance process and he alleges they have been notified of this problem from prior incidents of injury to inmate/patients while attempting to close their doors. Inmate/patients have begun designing their own answers to this problem by fashioning a string tied to the door handle on the outside of each door, allowing them to comfortably and without risk to themselves pulling th e door shut from the inside of their rooms/cells. This is an idea of how this problem can be addressed, but this solution is not b eing promoted by Prison Officials at the mental health/menaical institution at CHCF.

15.    Inmate/patient is subject to surgeries and opioid medication as a result of  the 8-1-21 fall from an upper bunk and the subsequent breaking of his finger on 8-15-21, due to conditions of confinement that prison officials at the mental health/medical institution at CHCF were aware of the serious risk of harm to the health and safety of inmate/patients, such as the plaintiff, who are consuming psychiatric and opioid medications, in part for their knowing and willing departure from the Section 504 ADA cell design that has been fully implemented in the E1A housing unit, while not implementing the Section 504 ADA design formula in the housing units B through E in the E1-Facility EOP units, causing the harm plaintiff describes herein throughout this complaint.

16.    Plaintiff alleges that the placement of an 'upper bunk' into the Section 504 ADA design cells are driven by prison officials quest to in-

4

crease revenue for the CDCR by doubling up inmate/patients in these cells, while failing to provide an implement inside the cells to shut the door without the possibility of injuring oneself.

17.   Due to the short cuts taken by prison officials administrating the mental health/medical institution at CHCF, on behalf and in collusion with CDCR helmsmanship, a 'deliberate indifference' standard of operation at the EOP level of psychiatric care of their inmate/patient charges, including the plaintiff, find these officials acting coldly indifferent to the basic and elemental rights that incarcerated persons... including 'the plaintiff', retain under the Eighth Amendment of the United States Constitution and the U.S. Constitutions' Fourteenth Amendment.

### III PLAINTIFF

18.   At all times relevant herein, plaintiff MARCELL T. HENDRIX, was an inmate/patient under the care and control of the California Department of Corrections & Rehabilitation. Plaintiff brings this action on his own behalf.

19                            ## IV DEFENDANTS

19.   Defendant KATHLEEN ALLISON was at all times mentioned herein, the Secretary of the California Department of Corrections & Rehabilitation, CDCR, as Secretary defendant was responsible for promulgating, supervising the promulgating of, implementing, supervising the implementation of, monitoring compliance with, supervising the enforcement of policies and procedures within CDCR. Defendant ALLISON is believed to be directly responsible for ignoring plaintiff's grievances/health care complaints involving subordinate defendants and mental health/medical facility supervisory officials awareness of subordinate constitutional deprivations of conduct which gave notice of reckless or callous indifference to the plain-

tiffs rights.

20.  Defendant ALLISON failed to ensure adequate oversight of subordinate defendants' over defendant JONES who maintains policies and practices at the CHCF mental health/medical institution which continue to exalt the promotion of increased revenue schemes that add upper bunks into Section 504 ADA design cells and the failure to address or give guidance over the problem of doors in the EOP level of psychiatric care at CHCF, housing units B through E, by refusing to retrofit or outfit these doors on the inside with implements or indentations for inmate/patients to shut their doors without endangering themselves as plaintiff had to do on or about August 15, 2021.

21.  Thereb y, failing to provide accurate accountability by subordinate defendants' or, by failing to take appropriate action to prevent further injury to inmate/patients at CHCF, which was a direct or proximate cause of defendants' lax oversight which led to the deprivation in plaintiff's constitutional rights. Defendant ALLISON is sued in her individual and official capacity.

22.  Defendant GENA JONES was at all times mentioned herein, the Warden of California Health Care Facility, (CHCF),. As such, she is responsible for the day to day operation of the mental health/medical facility, including the supervision of correctional officers, and the safety and security of inmate/patients. Defendant is believed to be directly responsible for failing to address the shortcomings regarding inmate/patient housing in the EOP level of psychiatric care raised by plaintiff in health care grievances dated 9-1-21 and 9-13-21 (CHCF HC 21001092 and CHCF HC 21001950.

23.  Thereby, failing to provide accurate accountability by subordinate defendants' or, by failing to take appropriate action to prevent further injury to inmate/patients at CHCF, which was a direct or proximate cause

6

of defendants' lax oversight which led to the deprivation in plaintiff's constitutional rights. **Defendant** JONES is sued in her individual and official capacity.

24.   Defendant **GATES**, was at all times mentioned herein, the Chief, Health Care Correspondence and Appeals Branch Policy and Risk Management Services, California Correctional Health Care Services, on behalf of the California Department of Corrections & Rehabilitation, (CDCR). Defendant GATES is responsible for reviewing health care grievances emanating from the varying CDCR facilities and from CHCF.

25.   Defendant GATES, failed to ensure adequate oversight of subordinate defendants, and has failed to alert upper management of the problems that plaintiff raised in his health care grievances, (CHCF HC 21001892 and CHCF HC 21001950), failing to even suggest that policies and practices at the CHCF mental health/medical facility are endangering the health and safety of inmate/patients housed in the EOP level of psychiatric care, to wit, the addition of 'upper bunks' into Section 504 ADA design cells and the lack of closing implements or indentations inside the doors of these cells in the housing units B through E in the EOP E1=Facility.

26.   Thereby, failing to provide accurate accountability by subordinate defendants' or, b y failing to take appropriate action to prevent further injury to inmate/patients at CHCF, which was a direct or proximate cause of defendants' lax oversight  which led to the deprivation in plaintiff's constitutional rights. Defendant GATES is sued in his/her individual and official capacity.

27.   Defendant G. CHURCH, was at all times mentioned herein, Chef Physician and Surgeon, E Yard, at CHCF. Defendant CHURCH is responsible for reviewing health care grievances at the CHCF mental health/medical

7

institution.

28.    Defendant CHURCH, failed to ensure adequate oversight of subor-
dinate defendants, and has failed to alert upper management of the pro-
blems that plaintiff raised in his health care grievances, (CHCF HC
21001892 and CHCF HC 21001950), failing to even suggest that policies and
practices at the CHCF mental health/medical institution are endangering
the health and safety of inmate/patients housed in the EOP level of psychia-
tric care, to wit, the addition of 'upper bunks' into Section 504 ADA design
cells and thelack of closing implements or indentations inside the doors
of these cells in the housing units B through E in the EOP E1-Facility.

29.    Thereb y, failing to provide accurate accountability by subordi-
nate defendants' or, by failing to take appropriate action to prevent fur-
ther injury to inmate/patients at CHCF, which led to the deprivation in
plaintiff's constitutional rights. Defendant CHURCH is sued in his/her
individual and official capacity.

30.    A. PRASAD, was at all times mentioned herein, Registered Nurse (RN),
representing the Health Care Grievance Office at CHCF mental health/medical
institution.

31.    Defendant A. PRASAD, failed to ensure adequate oversight in her
role as interviewer of the plaintiff, and has failed to alert upper
management of the problems that plaintiff raised in his health care grie-
vances, (CHCF HC 21001892 and CHCF HC 21001950), failing to suggest that
policies and practices at the CHCF mental health/medialinstitution are
endangering the health and safety of inmate/patients housed in the EOP
level of psychiatric care, to wit, the addition of 'upper bunks' into
Section 504 ADA design cells and the lack of closing implements or inden-
tations inside the doors of these cells in the housing units B through E in
the EOP E1-Facility.

32.     Thereby, failing to provide accurate accountability among upper management defendants' or, by failing to take appropriate action to prevent further injury to inmate/patients at CHCF, which led to the deprivation in plaintiff's constitutional rights. Defendant A. PRASAD is sued in her individual and official capacity.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For Compensatory damages against defendants in the amount of $10,000,00 ten thousand dollars.

2. For punitive damages against defendants in the amount of $20,000.00, twenty thousand dollars.

3. Granting plaintiff's declaration that acts and omissions of 'deliberate indifference', described herein violate his rights under the Constitution and the laws of the United States.

4. For costs and reasonable attorneys fees pursuant to 42 U.S.C. Sec. 1988 should the court appoint counsel.

5. For such further relief as the court deems proper.

Dated: October   , 2022

Respectfully submitted,

MARCELL T. HENDRIX

### JURY DEMAND

9

32.Ther

CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of October, 2022, I served the following document(s) with the HONORABLE CAROLYN K. DELANEY, UNITED STATES COURTS, OFFICE OF THE CLERK, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION, 501 I St., Ste. 4-200, SACRAMENTO, CALIFORNIA 95814-2322:

RE: FIRST AMENDED COMPLAINT (FAC)

I am 18 years of age or older and the petitioner to this action. I am familiar with the collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mailing collection system within California Health Care Facility is deposited with the United States Postal Service with postage thereon fully prepaid that same night in the ordinary course of institutional business.

I further certify that on this 25 day of October, 2022, I have caused to be mailed in the CHCF internal mail system, the following documen t(s) by First Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within (6) six days to the following parties:

HONORABLE CAROLYN K. DELANEY
UNITED STATES COURTS
OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION
501 I St., Ste. 4-200
SACRAMENTO, CALIFORNIA
95814-2322

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed this 25 day of October, 2022, at Stockton, California.

MARCELL T. HENDRIX, CDC#AC0021
DECLARANT

EXHIBIT
A

# EXHIBIT COVER PAGE:

Exhibit: _____**A**_____

Description of this exhibit:    AMERICANS WITH DISABILITIES ACT
TITLE II REGULATIONS
Nondiscrimination on the Basis of
Disability in State and Local
Government Services
Depicting ADA/Section 504 Design Cells
No Upper Bunks

Number of pages of this exhibit:____**6**____pages

JURISDICTION: (Check only one)

_____Municipal Court

_____Superior Court

_____Appellate Court

_____State Supreme Court

__X__United States District Court

_____United States Circuit Court

_____United States Supreme Court

_____California Department of Corrections, 602 Exhibit.

_____Other:_____




C H C F   H C     1 8 0 0 2 5 6 1

# Americans with Disabilities Act
# Title II Regulations

Nondiscrimination on the Basis of Disability
in State and Local Government Services

**Department of Justice**

September 15, 2010

**U.S. Department of Justice**
Civil Rights Division
*Disability Rights Section*



**Americans with Disabilities Act
Section 504 of the Rehabilitation Act**

# ADA/Section 504 Design Guide:

## Accessible Cells in Correctional Facilities

Many inmates in State and local correctional facilities have mobility disabilities and need to be housed in accessible cells. Yet, many correctional facilities do not have enough cells that are accessible to inmates with disabilities. Federal laws protect people with disabilities from discrimination by State and local governments, including entities that own or operate correctional facilities. All such entities are covered by the Americans with Disabilities Act of 1990 (ADA), and those that receive Federal funds are also covered by section 504 of the Rehabilitation Act. These laws prohibit discrimination against persons with disabilities, including inmates who use wheelchairs, scooters, walkers, or other mobility devices. While all aspects of law enforcement and correctional services are covered by these laws - including facilities, employment, transportation, and other activities, programs, and services - this guide focuses on the prevention of discrimination against inmates with mobility disabilities through the design of accessible cells.

### Security

Accessible cells do not compromise the security of prison personnel. In fact, having accessible cells increases security because they allow inmates with mobility disabilities to function independently, minimizing the need for assistance from guards.

### Basic Features

Inmates with disabilities - including those who use wheelchairs - need to be able to enter their cells and move around inside them, using the cells' features without assistance. What makes this possible? Careful planning and design will incorporate elements such as a wider entrance door, adequate clear floor space, appropriate placement and models of fixtures and furniture, and grab bars.

### Location or Dispersion of Cells

Dispersing accessible cells throughout a facility ensures that inmates with disabilities are able to be housed with inmates of the same classification levels. Generally, inmates with disabilities who are not ill do not need to be housed in a medical ward.

### Furniture and Cell Features

Accessible cells need to contain the same features as other cells for inmates housed at the same classification level. For instance, where other cells contain writing desks, accessible writing desks are needed in accessible cells.



**Parallel Approach**      **Forward Approach**

**Clear floor spaces for inmates who use mobility devices**

## Room Layout and General Features

Accessible lavatory with knee and toe space below, faucet controls usable with a loosely closed fist, clear floor space for front approach, and lowered mirror.

Doors with 32 inches of clear opening width (when a sliding door is fully opened or a hinged door is open 90 degrees). Clear floor space is required in front of the door.

Accessible toilet with rear and side grab bars, clear floor space for wheelchair transfer, and an accessible flush valve.



Bed with clear floor space for a side approach next to bed.

Desk with knee and toe space and clear floor space for front approach.

Appropriate clear floor space (shown by dashed lines) is needed adjacent to each cell feature (see page 1 diagrams on clear floor space). As shown in this drawing, the clear floor spaces for each element may overlap. Inmates with a mobility disability should be able to use, and move without obstruction among, the easily accessible features of their cells. There needs to be adequate turning space within the cell -- either a 60-inch-diameter circle or a T-shaped turn area. (See page 5 for diagrams on turning space.)

**Note:**
Some features shown in this document may be inappropriate for cells where inmate suicide is a concern. See the notes for features specifically designed to minimize suicide risk, while providing accessibility for inmates with mobility disabilities.

## Features of an Accessible Toilet

**Grab bars:** Horizontal grab bars are needed for stabilization and assistance during a transfer from a wheelchair.

**Rear grab bar:** There is a grab bar behind the toilet that is at least 36 inches long and from 33 to 36 inches above the floor.

**Side grab bar:** There is a grab bar on the adjacent side wall that is at least 40 inches long and from 33 to 36 inches above the floor.

**Flush valve** is located in reach range and is operable without tight grasping, twisting, or pinching.

**Toilet paper:** If a toilet paper dispenser is provided, it needs to be located in an accessible location and be operable using one hand. If traditional toilet paper holders are not used, loose sheets of toilet paper are acceptable.

**Toilet seat height:** The toilet seat needs to be from 17 to 19 inches above the floor to permit transfers to and from wheelchairs.

**Toilet centerline:** The toilet bowl needs to be centered 18 inches from the side wall, so that inmates with disabilities can use the side grab bar.

**Clear floor space:** Adequate space is provided to approach the toilet from a variety of wheelchair transfer positions (for example, front, diagonal, or side approaches). Generally, the toilet needs to be placed within a 60-inch-wide by 59-inch-deep clear area of the floor.



**Note:**
Grab bars can be designed so they do not increase suicide risk. As shown, there are several ways for grab bars to be designed with adequate gripping surfaces while ensuring that nothing can be tied onto them.

 

Profiles of accessible grab bars with suicide prevention feature.

## Features of Accessible Lavatories and Mirrors _____

Mirrors: If provided, mirrors need to be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the floor.



Faucets: Faucet handles or controls need to be usable with one loosely closed fist, because some people with disabilities can use only one hand and cannot grasp or twist faucets. Lever-operated, push-type mechanisms, and U-shaped handles are acceptable designs.

Lavatory knee clearance: To allow persons who use wheelchairs to pull under the lavatory and to use the faucet hardware, the following features need to be provided -- a 29-inch-high clearance under the front edge of the lavatory, the top of the bowl mounted no higher than 34 inches above the floor, a 27-inch-high clearance for knee space extending at least 8 inches from the front of the lavatory, and a 9-inch-high toe space extending not more than 6 inches from the back wall.

Clear floor space is needed for a forward approach to the lavatory.

Burn protection: To protect against leg burns, hot water and drain pipes need to be covered or otherwise configured to protect against contact. Some people with disabilities have little or no sensation in their legs and can be burned without knowing it.

Note:
In every instance, regardless of toilet and lavatory configuration, adequate space needs to be provided for inmates who use wheelchairs to transfer onto and off of the toilet.

4

## Features of Accessible Furniture

**Desk size:** If provided, the writing surface of desks and writing tables is no higher than 34 inches. To provide adequate knee and leg clearance, desks and writing tables need to have at least 30 inches of knee width, 29 inches of knee height, and 19 inches of leg depth.

**Beds:** Providing beds at an appropriate height, generally from 17 to 19 inches, facilitates transfers to and from wheelchairs. In some cases, an appropriately mounted grab bar can assist an inmate to transfer between the bed and a wheelchair.

**Bed transfer space:** A 30-inch by 48-inch clear floor space facilitates transfer from a wheelchair to the bed.

**Desk clear floor space:** If provided, desks and writing tables need to have a 30-inch by 48-inch clear floor space that extends 19 inches under the desk and any fixed seat needs to be removable.

All furniture placed in accessible cells for the use of inmates with disabilities needs to be accessible.



60-inch (1525mm) Diameter Space

12 min    36 min    12 min
          915

60 min    60 min    36 min
1525      1525      915

T-Shaped Space for 180° Turns

For more information about the Americans with Disabilities Act (ADA), please visit the Department of Justice's Home Page, **www.ada.gov**, or call us on the ADA Information Line.

**800-514-0301 (voice)**
**800-514-0383 (TTY)**

Reproduction is encouraged.

5

# EXHIBIT COVER PAGE:

Exhibit:    B

Description of this exhibit:    HEALTH CARE CDC FORM 602/GRIEVANCE
CHCF HC 21001892, submitted 9-1-21
DESCRIBING EVENTS OF AUGUST 1, 2021
INJURY OF PLAINTIFF FALLING FROM CLIMB
ATTEMPT TO UPPER BUNK INSID ADA/SECTION
504 DESIGN CELL E1E-#114 AT CHCF

Number of pages of this exhibit:    7    pages

JURISDICTION:  (Check only one)

_____Municipal Court

_____Superior Court

_____Appellate Court

_____State Supreme Court

__X__United States District Court

_____United States Circuit Court

_____United States Supreme Court

_____California Department of Corrections, 602 Exhibit.

_____Other:_____

ATTACHMENT

## ADA/Effective Communication Patient Summary

**As of:** 09/22/2021 06:58

### Patient Information

**NAME:** HENDRIX, MARCELL
**CDCR:** AC0021

### Disability Placement Program

**Current DPP Code(s):**

**DPP Verification/Accommodation Date:** 08/06/21 11:58:41 PDT

**Current Housing Restrictions/Accomodations:**
  * Bottom Bunk

### Methods of Communication

**SLI:**

**Primary Method:**

**Secondary Method:**

**Interview Date:**

### Developmental Disability Program

**Current DDP Code:**

**Effective Date:**

**Adaptive Support Needs:**

### Testing of Adult Basic Education (TABE)

**TABE Score:** 07.2

**TABE Date:** 01/30/2013 00:00

### Learning Disabilities

**Learning Disabilities:**

### English Proficiency

**LEP:** Unknown

**Primary Language:** English

### Durable Medical Equipment

**Current ISSUED DME:** Eyeglass Frames Permanent

### MHSDS

**MHLOC:** EOP

RECEIVED
HCCAR
NOV 1 8 2021



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Institutional Level Response

**Closing Date:**   NOV 0 3 2021

**To:**   HENDRIX, MARCELL (AC0021)
E 301E2222001LP
California Health Care Facility
P.O. Box 213040
Stockton, CA 95213

**Tracking #:**   CHCF HC 21001892

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|---|---|
| Issue:    Bodily Injury ( Upper Extremities ) | You stated you fell and inquired your hand breaking your fall. |

## INTERVIEW

On October 13, 2021, you were interviewed by A. Prasad, RN, Health Care Grievance Office, regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION

[X] No intervention.   [ ] Intervention.



## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. You are enrolled in the Chronic Care Program, where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and the primary care provider has discussed the plan of care with you.

Records indicate had a repeated X-ray completed on your hand and shoulder. You were also seen by orthopedics. You currently have a stax splint, a follow up with orthopedics and referral to physical therapy and was recommend for you to continue Tylenol for pain management.

Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

Case 2:22-cv-01319-TLN-CKD    Document 12    Filed 10/28/22    Page 23 of 39

services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

NOV 0 3 2021

G. CHURCH, DO
Chief Physician and Surgeon
E Yard
California Health Care Facility

Reviewed and Signed Date



Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☒ No | Tracking #: |
|---|---|---|

**CHCF HC 21001892**

A. Prasad RN

| Staff Name and Title (Print) | Signature | Date 09/09/21 |
|---|---|---|

**If you think you have a medical, mental health or dental emergency, notify staff immediately.** If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): Hendrix, Marcell T. | CDCR #: AC0021 | Unit/Cell #: E1E-222L |
|---|---|---|

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

On August 1, 2021, during the 3rd Watch, in housing unit E1E inmate/patient sustains injury while climbing down from the upper bunk to the ground floor in Cell #114 at approximately 2000 and 2030 hours.

I/P while attempting to ascend from the floor, to the desk and reach the top bunk in the cell, lost his balance, falling backwards all the way back down to the ground, descending while being struck by the desk before slamming to the ground causing great pain.

I/P, when hoping to break the fall, while descending downward, damaged his hand, back, among the other parts of his body as recorded in the CDC form 7219, prepared by medical personnel responding to the incident while in the E#1 Clinic.

**Supporting Documents Attached. Refer to CCR 3999.227** ☒ Yes ☐ No

| Grievant Signature: Marcell T. Hendrix | Date Submitted: 9-1-21 |
|---|---|

**BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.** MH

| SECTION B: | HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☒ Yes ☐ No |
|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____ Date: _____

☐ Withdrawn (see section E)

☒ Accepted   Assigned To: HCGO   Title: HCRN   Date Assigned: 9/22/21   Date Due: 11/12/21

Interview Conducted? ☒ Yes ☐ No   Date of Interview: 10/13/2021   Interview Location: Unit/Housing

Interviewer Name and Title (print): A. Prasad RN   Signature: _____   Date: 10/13/21

Reviewing Authority
Name and Title (print): G. Church, CPS   Signature: _____   Date: NOV 03 2021

| Disposition: See attached letter | ☐ Intervention | ☒ No Intervention |
|---|---|---|

**HCGO Use Only:** Date closed and mailed/delivered to grievant: NOV 03 2021

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |
| 4. Comments: see clinical encounter 10/13/2021 | | |

RECEIVED CHCF SEP 09 2021 HCGO

COMPLETED CHCF STAFF USE NOV 03 2021 HCGO

RECEIVED HCGO NOV 18 2021

COMPLETED HCCAB JAN 14 2022

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

Tracking #: CHCF HC 21001892

| **SECTION C:** | Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response, explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |
|---|---|

Inmate/Patient is dissatisfied with Institutional level response, steps have been taken by Health care personnel to treat the resulting injuries that I/P suffered from the fall while attempting to climb up to the upper bunk.

I/P has been placed in a lower bunk cell assignment that should prevent this type of injury from reoccuring.

However I/P continues to suffer from the injuries resulting from the fall on August 1, 2021, due to the poor design of, and lack of proper climbing structures inside the cell/rooms in the EOP.

| Grievant Signature: Manuel T. Hendry | Date Submitted: 11-04-2021 |
|---|---|

| **SECTION D:** | **HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only** | Is a CDCR 602 HC A attached? ☒ Yes   ☐ No |
|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction):     Date: _____     Date: _____

☐ Withdrawn (see section E)   ☒ Accepted

☐ Amendment     Date: _____

Interview Conducted?     ☐ Yes  ☒ No     Date of Interview: _____     Interview Location: _____

Interviewer Name and Title (print): _____     Signature: _____     Date: _____

| **Disposition:** See attached letter     ☐ Intervention     ☒ No Intervention |
|---|

*This decision exhausts your administrative remedies.*

HQ Use Only: Date closed and mailed/delivered to grievant:     **JAN 1 4 2022**

| **SECTION E:** | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason: |
|---|---|

_____
_____
_____
_____

| Grievant Signature: | Date Submitted: |
|---|---|
| **Staff Name and Title (Print):** | Signature: | Date: |

COMPLETED
CHCF

NOV 03 2021

HCGO

**S T A F F   U S E   O N L Y**

Distribution: **Original** - Returned to grievant after completed; **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable state and federal laws.*

**STAFF USE ONLY**

Tracking #: CHCF HC 21001892

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): | CDCR Number: | Unit/Cell Number: |
|---|---|---|
| Hendrix, Marcell T. | #AC0021 | E1E-222 L |

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

This incident and injuries, sustained by I/P while Attemping to Ascend from the ground floor to reach the top bunk Caused Appellant to be Reassigned by the Doctor to A bottom bunk and moved to a different cell For this purpose to prevent I/P From having to scale the stool and the desk inside the cell to reach the top bunk.

Grievant Signature: Marcell T. Hendrix                Date Submitted: 9-4-21

**SECTION B:** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

| Name and Title: | Signature: | Date : |
|---|---|---|

COMPLETED
CHCF
NOV 03 2021
HCGO

RECEIVED
HCCAB
NOV 18 2021

STAFF USE ONLY

COMPLETED
HCCAB
JAN 14 2022

Tracking #: _CHCF HC 21001842_

| SECTION C: | Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section C only (Dissatisfied with Health Care Grievance Response): |
|---|---|

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Grievant Signature:** _____  **Date Submitted:** _____

| SECTION D: | Staff Use Only: Grievants do not write in this area. Grievance Appeal Interview Clarification. Document issue(s) clarified during interview (If necessary at HQ Level). |
|---|---|

_____

_____

_____

_____

_____

**Name and Title:** _____  **Signature:** _____  **Date :** _____

COMPLETED
CHCF

NOV 03 2021

HCGO

**STAFF USE ONLY**

**Distribution: Original -** Returned to grievant after completed, **Scanned Copy -** Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

 **CALIFORNIA CORRECTIONAL**
# HEALTH CARE SERVICES


**Headquarters' Level Response**

**Closing Date:** **JAN 1 4 2022**

**To:**  HENDRIX, MARCELL (AC0021)
California Health Care Facility
P.O. Box 213040
Stockton, CA 95213

**From:**  California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:**  CHCF HC 21001892

## RULES AND REGULATIONS
The rules governing these issues are:  California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|---|---|
| Issue:    Bodily Injury ( Upper Extremities ) | You stated on August 1, 2021, you fell and injured your hand and back while breaking your fall. |

## HEADQUARTERS' LEVEL DISPOSITION

[X] No intervention.    [ ] Intervention.

## BASIS FOR HEADQUARTERS' LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate:

- You are enrolled in the Chronic Care Program, where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and the primary care provider has discussed the plan of care with you.
- You have received primary care provider evaluation and monitoring for your history of low back, bilateral shoulder, and right hand pain with fourth phalanx fracture.
- The primary care provider completed assessments, noted review of your history, current symptoms, and laboratory/imaging results, and developed a plan of care, including orthopedic surgeon referral with surgical intervention; physical and occupational therapy referrals with a home exercise program; finger

---

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

splint; surgical dressing changes; medications for pain management; and accommodations including bottom bunk.
- On August 16, 2021, you were transferred to a higher level of care after sustaining injuries to your right hand caused by the cell door.
- On November 17, 2021, you received open reduction internal fixation surgery to the fourth phalanx of your right hand.
- On November 24, 2021, you were seen by the primary care provider for a surgical follow-up visit; you reported the flap spacer from your right hand fell off on its own; otherwise no new complaints; orthopedic surgeon was contacted with no further recommendations at that time.
- On December 3, 2021, you were seen by the primary care provider for bilateral shoulder pain; examination revealed tenderness; a referral to physical therapy was completed; you were advised to continue with acetaminophen for pain management.
- On January 8, 2022, you were seen by the primary care provider for an orthopedic surgeon follow-up; notes indicate you were advised to continue with occupational therapy; bottom bunk accommodation extended; orders for orthopedic surgeon follow-up with right hand x-rays were completed.
- Your medication profile indicates an active order of acetaminophen for pain management.
- You are pending scheduling for primary care provider and orthopedic surgeon follow-ups where you are encouraged to discuss your ongoing concerns. Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

California Correctional Health Care Services health care providers are trained to treat multiple types of pain in a systematic, step-wise approach based on comprehensive assessment and planning, as outlined in the CCHCS Care Guide: Pain Management. Complete pain relief is not a realistic goal. The goal is to reduce pain and improve function while avoiding significant side effects and risks associated with stronger pain medications or surgery. The assessment and monitoring of your pain is an ongoing process.

Facility conditions are not a health care services issue over which California Correctional Health Care Services has jurisdiction. As such, your concerns should be addressed through the appropriate custody channels at your institution.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

January 13, 2022
Reviewed and Signed Date

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA  95758

# EXHIBIT COVER PAGE:

Exhibit: _____ **C** _____

Description of this exhibit: HEALTH CARE CDC FORM 602/GRIEVANCE
CHCF HC 21001950, submitted 9-13-22
DESCRIBING EVENTS OF AUGUST ~~15, 2021~~
INJURY OF PLAINTIFF WHILE CLOSING THE
DOOR TO HIS CELL E1E-#222, WHEREBY HE
BROKE HIS FINGER

Number of pages of this exhibit: __7__ pages

JURISDICTION:  (Check only one)

_____ Municipal Court

_____ Superior Court

_____ Appellate Court

_____ State Supreme Court

__X__ United States District Court

_____ United States Circuit Court

_____ United States Supreme Court

_____ California Department of Corrections, 602 Exhibit.

_____ Other:_____



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Institutional Level Response**

**Closing Date:**    NOV 1 7 2021

**To:**    HENDRIX, MARCELL (AC0021)
E  301E2222001LP
California Health Care Facility
P.O. Box 213040
Stockton, CA 95213

**Tracking #:**   CHCF HC 21001950

## RULES AND REGULATIONS
The rules governing these issues are:  California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Bodily Injury ( Upper Extremities ) | You state you injure you fingers while attempting to close your cell door on 8/15/ 21. |
| Issue: | Non-Medical/Custody ( Facility Conditions ) | You state the cell door design is poor design that causes injuries. |

## INTERVIEW
On October 13, 2021, , you were interviewed by A. Prasad, RN, Health Care Grievance Office, regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION

[X]  No intervention.    [ ]  Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. You are enrolled in the Chronic Care Program, where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and the primary care provider has discussed the plan of care with you.

Records indicate on August 16, 2021, you were seen by TTA and Stand by in regards to a finger injury.  You were transferred to outside hospital and left stable via AMR transportation.  X-ray was completed and indicated a fracture and a splint was placed.  Tylenol 3 was prescribe to assist with pain and you have an Orthopedic

---

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

RECEIVED
HCCAR
10/29/2021

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

follow up. On October 24, 2021, you were seen by orthopedics. On November 8, 2021, you were seen by your primary care provider and recommendation from orthopedic surgery was discussed with you. Order for surgery was placed and sure has been scheduled.

Facility structure and design is not a health care services issue over which California Correctional Health Care Services has jurisdiction. As such, your concerns should be addressed through the appropriate custody channels at your institution.

Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

_____

G. CHURCH, DO
Chief Physician and Surgeon
E Yard
California Health Care Facility

__NOV 1 7 2021__
Reviewed and Signed Date

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

**ATTACHMENT**

## ADA/Effective Communication Patient Summary

**As of:** 09/20/2021 06:33

### Patient Information

**NAME:** HENDRIX, MARCELL
**CDCR:** AC0021

### Disability Placement Program

**Current DPP Code(s):**

**DPP Verification/Accommodation Date:** 08/06/21 11:58:41 PDT

**Current Housing Restrictions/Accomodations:**
  * Bottom Bunk

### Methods of Communication

**SLI:**

**Primary Method:**

**Secondary Method:**

**Interview Date:**

### Developmental Disability Program

**Current DDP Code:**

**Effective Date:**

**Adaptive Support Needs:**

### Testing of Adult Basic Education (TABE)

**TABE Score:** 07.2

**TABE Date:** 01/30/2013 00:00

### Learning Disabilities

**Learning Disabilities:**

### English Proficiency

**LEP:** Unknown

**Primary Language:** English

### Durable Medical Equipment

**Current ISSUED DME:** Eyeglass Frames Permanent

### MHSDS

**MHLOC:**  EOP

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE**                                                           Page 1 of 2
**CDCR 602 HC** (Rev. 10/18)

| STAFF USE ONLY | Expedited? ☐ Yes ☒ No | Tracking #: | CHCF HC 21001950 |
|---|---|---|---|

A. Prasad RN

Staff Name and Title (Print)                    Signature                                           Date

**If you think you have a medical, mental health or dental emergency, notify staff immediately.** If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): Hendrix, Marcell T. | CDCR #: AC0021 | Unit/Cell #: E1E-222L |
|---|---|---|

**SECTION A:** **Explain** the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy: On August 15, 2021, during 2nd watch, 3rd watch Shift Change, Inmate/Patient injures his finger while attempting to close the door to his assigned cell in housing unit E1E-222L. Because of the way the cell door is constructed, without a handle or indentation on the inside of the cell door to grab and pull the door shut, Appellant has had to reach outside the cell and build enough momentum to swing the door shut while hoping to remove his hand quick enough so as not to be caught and injured between the closing door and the door jamb to the cell, a maneuver of chance of incurring injury, with every swing of the door due to the lack of a handle or gripping implement built inside the cell to avoid the injury Appellant suffers on 8-15-21. Inmate/Patient contends that it is precisely due to the poor or improper design of the cell doors in the housing units in this recent built institution (open in 2013), is the cause of

| Supporting Documents Attached. Refer to CCR 3999.227 ☒ Yes ☐ No | Medical records |
|---|---|

| Grievant Signature: Marcell T. Hendrix | Date Submitted: 9-13-21 |
|---|---|

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.    MH

| **SECTION B:** HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☒ Yes ☐ No |
|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____   Date: _____

☐ Withdrawn (see section E)

☒ Accepted    Assigned To: HCGO    Title: HCARN    Date Assigned: 9/29    Date Due: 11/22

Interview Conducted? ☒ Yes ☐ No    Date of Interview: 10/13/21    Interview Location: Unit/housing

Interviewer Name and Title (print): A. Prasad RN    Signature: _____    Date: 10/13/21

Reviewing Authority Name and Title (print): G. Church, DO, CP+S    Signature: _____    Date: NOV 17 2021

| **Disposition:** See attached letter | ☐ Intervention | ☒ No Intervention |
|---|---|---|

**HCGO Use Only:** Date closed and mailed/delivered to grievant: NOV 17 2021

RECEIVED CHCF

COMPLETED CHCF

SEP 17 2021    STAFF USE ONLY

NOV 17 2021    HCGO

RECEIVED HCCA3 NOV 29 2021

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | **Please check one:** |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments: **SEE CERNER NOTES** EC Dated: 10/13/2021

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

Tracking #: ⁣⁣⁣ 0 0 1 ⁣ 2 ⁣ 0 0

| **SECTION C:** | **Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response,** explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |

Petitioner is dissatisfied with the Institutional level response which rightfully recounts the medical treatment of the injury petitioner sustained but discounts the cause of the injury as something beyond their concern. Petitioner imagines that due to the problem causing the injury, this is not the first time this has occured, yet the cause has not been properly addressed. According to this response it will continue to be a problem that will reoccur in the future to another inmate/patient.

| **Grievant Signature:** _Marcell T. Henchen_ | **Date Submitted:** 11-22-21 |

| **SECTION D:** | **HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only** | Is a CDCR 602 HC A attached? ☒ Yes ☐ No |

This grievance has been:

☐ Rejected (See attached letter for instruction):    Date: _____    Date: _____

☐ Withdrawn (see section E)  ☒ Accepted

☐ Amendment    Date: _____

Interview Conducted?    ☐ Yes  ☒ No    Date of Interview: _____    Interview Location: _____

Interviewer Name and Title (print): _____    Signature: _____    Date: _____

| **Disposition:** See attached letter | ☐ Intervention | ☒ No Intervention |

*This decision exhausts your administrative remedies.*

**HQ Use Only:** Date closed and mailed/delivered to grievant:    **JAN 1 9 2022**

| **SECTION E:** | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason: |

| **Grievant Signature:** | **Date Submitted:** |

| **Staff Name and Title (Print):** | Signature: | Date: |

RECEIVED CHCF
SEP 1 7 2021
HCGO

COMPLETED CHCF
NOV 1 7 2021
HCGO

COMPL HCC...
JAN 1 9 2022

**STAFF USE ONLY**

Distribution: **Original** - Returned to grievant after completed; **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

**STAFF USE ONLY**

Tracking #:  CHCF HC 21001950

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

Name (Last, First, MI):
Hendrix, Marcell T.

CDCR Number: AC0021
Unit/Cell Number: E1E-222L

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

the hazard inmate/patient fell victim to and it is highly probable that this is not the first time injury has occured due to this construction/design deficience which begs the question "Why hasn't this construction/design flaw been addressed to eliminate the problem/injury that befell inmate/patient on 8-15-21

Grievant Signature: Marcell T. Hendrix        Date Submitted: 9-13-21

**SECTION B:** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

Name and Title: _____    Signature: _____    Date: _____

RECEIVED
CHCF
SEP 17 2021
HCGO

COMPLETED
CHCF
NOV 17 2021
HCGO

RECEIVED
HCCAB
NOV 29 2021

STAFF USE ONLY

COMPLETED
HCCAB
JAN 19 2022

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
**CDCR 602 HC A (10/18)**

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2
Tracking #: CHCF HC 21 001950

| **SECTION C:** | Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section C only (Dissatisfied with Health Care Grievance Response): |
|---|---|

**Grievant Signature:** _____     **Date Submitted:** _____

| **SECTION D:** | Staff Use Only: Grievants do not write in this area. Grievance Appeal Interview Clarification. Document issue(s) clarified during interview (If necessary at HQ Level). |
|---|---|

**Name and Title:** _____     **Signature:** _____     **Date:** _____

RECEIVED
CHCF
SEP 1 7 2021
HCGO

COMPLETED
CHCF
NOV 1 7 2021
HCGO

**STAFF USE ONLY**

**Distribution: Original** - Returned to grievant after completed, **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Headquarters' Level Response

**Closing Date:**    JAN 1 9 2022

**To:**        HENDRIX, MARCELL (AC0021)
California Health Care Facility
P.O. Box 213040
Stockton, CA 95213

**From:**      California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:**   CHCF HC 21001950

## RULES AND REGULATIONS
The rules governing these issues are:  California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Bodily Injury ( Upper Extremities ) | You stated that on August 15, 2021, you injured your fingers while attempting to close your cell door. |
| Issue: | Non-Medical/Custody ( Facility Conditions ) | Cell door is a poor design that causes injuries. |

## HEADQUARTERS' LEVEL DISPOSITION

[X] No intervention.     [ ] Intervention.

## BASIS FOR HEADQUARTERS' LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate:
- The Institutional Level Response erroneously documented that you were seen by the orthopedic surgeon on October 24, 2021; however, you were seen on October 25, 2021.
- You are enrolled in the Chronic Care Program, where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and the primary care provider has discussed the plan of care with you.
- On November 17, 2021, you received open reduction internal fixation surgery to the fourth phalanx of

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

your right hand.
- On November 24, 2021, you were seen by the primary care provider for a surgical follow-up visit; you reported the flap spacer from your right hand fell off on its own; otherwise no new complaints; orthopedic surgeon was contacted with no further recommendations at that time.
- On November 27, 2021, the primary care provider documented right fourth digit nail bed wound clean with no purulence or discharge; Tylenol with codeine renewed for pain control; orthopedic surgeon follow-up pending scheduling; you were advised to seek medical attention for any changes in condition.
- On January 8, 2022, you were seen by the primary care provider for an orthopedic surgeon follow-up; notes indicate you were advised to continue using right ring finger as tolerated; occupational therapy to improve strength and range of motion; bottom bunk accommodation extended; orders for orthopedic surgeon follow-up with right hand x-rays were completed.
- Your medication profile indicates an active order of Tylenol for pain management.
- You are pending scheduling for primary care provider and orthopedic surgeon follow-ups. Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

Facility design and structure are not health care services issues over which California Correctional Health Care Services has jurisdiction. As such, your concerns should be addressed through the appropriate custody channels at your institution.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

_____

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

January 18, 2022
_____
Reviewed and Signed Date

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

P.O. Box 588500
Elk Grove, CA 95758