UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELL T. HENDRIX, | No. 2:22-cv-1319 CKD P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPT. OF CORR. AND REHAB., et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil action. On August 19, 2022, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's amended complaint must be dismissed. Good cause appearing, plaintiff will be provided one more opportunity to amend.

/////

As in plaintiff's original complaint, plaintiff seeks damages for injuries sustained by him on August 2, 2021 when he fell while trying to climb to a top bunk and for injuries to a finger sustained on August 15, 2021 when plaintiff attempted to close the door to his cell. Both incidents occurred at the California Health Care Facility (CHCF) in Stockton.

To the extent plaintiff seeks relief under the Americans with Disabilities Act (ADA), 42 U.S.C § 12101 et seq,[1] he does not allege that he has any qualifying disability. He simply alleges that he was injured as the result of conditions of confinement.

In order to adequately allege a claim for harmful conditions of confinement under the Eighth Amendment, plaintiff must point to facts indicating he sustained injury as the result of a prison official's deliberate indifference to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994). As in his original complaint, plaintiff fails to allege any prison official was at least deliberately indifferent to a substantial risk of serious harm.

If plaintiff chooses to file a second amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Further, claims in plaintiff's second amended complaint must be properly joined. Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different defendants. Simply put, plaintiff cannot join claims against defendant B that have nothing to do with those brought against defendant A.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading.

---

[1] Plaintiff also brings claims under the Rehabilitation Act, 42 U.S.C. § 794. The rights conferred by the ADA and the Rehabilitation Act are essentially the same. Zuke v. Regents of University of California, 166 F.3d 1041, 1045 n. 11 (9th Cir.1999)

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  March 6, 2023

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hend1319.14(2)

3